## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUSEVEJO JONES,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 24-CV-1092** |
| | : | |
| **FEDERAL POLICE,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                           **JULY 25, 2024**

       Plaintiff Lousevejo Jones, brings this *pro se* civil action alleging violations of his civil rights. Named as Defendants are: the "Federal Polices," the "Philadelphia Polices," and "D.O.C. Green County." He has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss the case.

**I.**     **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

       Jones initiated this matter on March 11, 2024. (*See* ECF Nos. 1, 2.) Because his motion to proceed *in forma pauperis* lacked sufficient financial information, by Order dated March 21, 2024, Jones's motion was denied without prejudice, the Clerk of Court was directed to send a blank application to Jones, and Jones was directed to return it to the Court within thirty days if he wished to proceed with the case. (*See* ECF No. 5.) The Court's March 21 Order, as well as other documents sent to Jones by the Clerk of Court, were returned by the United States Postal Service as undeliverable. (*See* ECF Nos. 6, 7.) By Order dated May 15, 2024, this matter was dismissed without prejudice for failure to prosecute, because Jones failed to return the completed application to proceed *in forma pauperis* within the allotted time. (ECF No. 8.) On May 28,

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

2024, Jones filed a new application to proceed *in forma pauperis*, as well as a Notice of Change of Address. (ECF Nos. 9, 10.) Consequently, by Order dated May 30, 2024, the Court directed the Clerk of Court to re-open the case, vacated the dismissal Order, denied Jones's most recent application to proceed *in forma pauperis* for insufficient financial information, and directed the Clerk of Court to send Jones another blank form. (ECF No. 11.) Jones subsequently filed the Amended Complaint, as well as an updated application to proceed *in forma pauperis*. (ECF Nos. 12, 13.)

Jones alleges that he was assaulted "by police and federal C.I.s two worked with me at my job." (Am. Compl. at 2.) He also claims that he was attacked with a gun by C.I. Andre Cooper who "they had move into my fake apartment." (*Id.*) Jones contends that he was going to file a police report, but became scared when Cooper "started telling people on the street" that Jones was "telling." (*Id.*) He further claims that C.I.s who lived upstairs from him pulled guns on him, threatened to kill him, and recorded him in his apartment. (*Id.*) According to Jones, a police officer from the 25th District said "that he is not gay and not a part of my gay club." (*Id.*) Jones appears to suggest that this is a form of discrimination. (*Id.*) Jones also contends that officers from the 25th District have attempted to lure him into committing crimes. (*Id.* at 2-3.)

Additionally, Jones claims that "D.O.C. Green County" did not let him say good-bye to his son or attend his video funeral. (*Id.* at 3.) Jones states that his son was murdered and "they" "called the wrong Jones." (*Id.*) Jones asserts that this was retaliation. (*Id.*)

Jones claims that he was physically harmed by "federal/police C.I.s" and he suffered emotional harm because he was unable to attend his son's video funeral. (*Id.* at 4.) He requests

that criminal charges be filed against the C.I.s for assault.² (*Id.*)  He also seeks monetary damages.  (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, omitted)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Furthermore, the Court must dismiss the Amended Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See*

---

² To the extent that Jones seeks to initiate criminal charges against an individual, the Court has no authority to order such relief.  *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) ( "[A] private person does not have a 'judicially cognizable interest in the prosecution . . . of another.") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

3

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

As Jones is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III. DISCUSSION

The allegations in Jones's Amended Complaint are rambling and disjointed. Although entirely unclear, since Jones mentions "retaliation" and "discrimination," the Court understands him to possibly assert constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

A. **Claims Against "D.O.C. Green County"**

Jones has named "D.O.C. Green County" as a Defendant. He claims that his son was murdered and "D.O.C. Green County" did not let him attend the video funeral. (Am. Compl. at 3.) He asserts that "they said sorry you miss a chance to say good bye to your son at the video funeral . . . we called the wrong Jones." (*Id.*) He believes that "this is retaliation." (*Id.*) Jones contends that "this is serious emotional distress, pain and suffering, [malicious] intent, unfair treatment, emotional distress and more constitutional rights violation will come." (*Id.*) Based on these allegations, it appears that Jones seeks to bring a claim against SCI Greene, a state correctional institution in Greene County, Pennsylvania. Although Jones is understandably upset that he was unable to attend the video funeral of his son and say goodbye to him, he has not alleged a redressable claim.

Jones makes a passing reference to "retaliation." Such passing reference is not sufficient to raise a claim under this legal concept. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

Even if Jones had articulated a constitutional violation based on the alleged facts, states are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. §

8521(b).  Since SCI Greene is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983.  *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."); *Endrikat v. Little*, No. 23-2167, 2023 WL 8519196, at *3 (3d Cir. Dec. 8, 2023) (*per curiam*) (we concur with the District Court's assessment that Endrikat failed to state a claim with respect to [the Pennsylvania DOC, SCI] Waymart, and the Pennsylvania Board of Probation and Parole, as they are not subject to suit under § 1983) (citing *Curtis v. Everette*, 489 F.2d 516, 521 (3d Cir. 1973); *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977)).  The Court will therefore dismiss the claims against "D.O.C. Green County" with prejudice.[3]

---

[3] Moreover, any claims regarding Jones's son's funeral are not properly brought in the same matter as claims pertaining to an assault(s) by unrelated individuals.  Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if:  (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action."  "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'"  *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).  "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit."  *Pew v. Little*, No. 22-1488, 2024 WL 967823, at *2 (E.D. Pa. March 6, 2024) (citing *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted)).  "Thus

### B.     Claims Based on Assaults

Jones claims that he has been "assaulted by police and federal C.I.s," that he was attacked by C.I. Andre Cooper who lived in his apartment, that he was threatened by two C.I.s who lived upstairs from him, and that a police officer from the 25th District discriminated against Jones by saying that "he is not gay and not a part of my gay club." (*See* Am. Compl. at 2.) Even under a liberal reading of the Complaint, the Court cannot discern a plausible constitutional violation based on these allegations. Jones simply has not met the *Iqbal* pleading standard with respect to any potential constitutional violation based on these facts.

Moreover, Jones has named as a Defendant the "Federal Polices." To the extent Jones seeks redress of constitutional claims by a federal defendant, such claims must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).[4] However, *Bivens* claims must be brought against individual defendants, rather than a

---

multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Gorrio v. Terra*, No. 23-4366, 2023 WL 8373167, at *6 (E.D. Pa. Dec. 4, 2023) (internal quotation omitted).

[4] *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in their individual capacities in limited circumstances. *Egbert v. Boule*, 596 U.S. 482, 486-87 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 13-31 (2017). Since *Bivens* was decided in 1971, the United States Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 582 U.S. at 132 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . [because] [t]he

government agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Thus, any constitutional claim against the "Federal Polices" must be dismissed with prejudice.

Jones also named the "Philadelphia Polices" as a Defendant and mentions the 25th District. The Court understands him to be asserting claims against the Philadelphia Police Department. However, a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988))). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had

---

Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180; *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

. . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).  Accordingly, the Court will dismiss all claims against the Philadelphia Police Department as not plausible.[5]

It is possible that Jones seeks to raise state law assault claims against Andre Cooper, who is alleged to have lived in the same apartment as Jones, or other individuals who lived in an apartment above Jones.  (*See* Am. Compl. at 2.)  However, to the extent that Jones seeks to bring a state law tort claim against any individual, he has not named any individual as a Defendant in the caption of his Amended Complaint, and he has not pled an independent basis for the Court's jurisdiction over any such claim.[6]  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen

---

[5] Even if Jones intended to raise claims against the City of Philadelphia, as opposed to its police department, those claims fail because nothing in the Amended Complaint alleges that the conduct of which Jones complains resulted from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation).

[6] Because the Court has dismissed Jones's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

9

of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). As noted above, a plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

Here, Jones has not named any individual as a Defendant in this matter, much less has he pled the citizenship of any such potential party to this suit. In any event, Jones alleges that the individuals who assaulted him lived in his apartment and upstairs from his apartment, (*see* Am. Compl. at 2), which suggests that even if he had named an individual as a Defendant, he would have failed to allege that the parties are diverse.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Jones's Amended Complaint. Any claim based on federal question jurisdiction will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Jones has not pled a basis for diversity jurisdiction, any state law claims will be dismissed for lack of subject matter jurisdiction. Leave to amend will not be given, because the Court concludes that amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Jones may opt to refile his claims in state court where federal jurisdiction will not be an issue.[7] An appropriate Order follows, which dismisses this case.

                                          **BY THE COURT:**

                                          **/s/ John Milton Younge**
                                          **JOHN MILTON YOUNGE, J.**

---

[7] The Court expresses no opinion the merits of Jones's claims.